UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID ROBERT MACIEL PEREIRA
(A-Number: 245-590-872),

            Petitioner,

      v.

WARDEN OF THE GOLDEN STATE
ANNEX DETENTION FACILITY,

            Respondent.

Case No.  1:26-cv-01480-DJC-JDP

ORDER

Petitioner, an immigration detainee, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 30, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  Respondent has filed objections to the findings and recommendations, and it was considered by the undersigned.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed

1

the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.  However, the Court finds that given the recent state criminal proceedings, that a prompt post-deprivation bond hearing is appropriate.[1]  *See J.S.H.M. v. Wofford*, No. 1:25-cv-01309-JLT-SKO, 2025 WL 2938808, at *15 (E.D. Cal. Oct. 16, 2025).  While the Court acknowledges that Petitioner was released from local custody, the Government made efforts to secure his direct transfer.

Accordingly, IT IS HEREBY ORDERED that:

1.  The findings and recommendations filed April 30, 2026 are adopted in full;

2.  The petition for writ of habeas corpus, ECF No. 1, is GRANTED;

3.  Petitioner's motion for temporary restraining order, ECF No. 13, is DENIED as moot;

4. Within fourteen (14) days of this Order, Respondents shall afford Petitioner David Robert Maciel Pereira a constitutionally adequate bond hearing before an Immigration Judge.  The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or risk of flight, and Petitioner shall be allowed to have counsel present.  If Petitioner is not provided a bond hearing in this time, Respondents are ordered to immediately release Petitioner from their custody.

5.  The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

Dated:  May 8, 2026

/s/ Daniel J. Calabretta

THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE

---

[1] The Government also argued that Petitioner is subject to mandatory detention under the Laken Riley Act, but as these charges were dismissed, the Laken Riley Act would not apply.  *See Singh v. Chestnut*, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026).